NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLENDY ANA REYEZ-CABRERA,

                Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 23-375

Agency No.
A205-879-965

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2024[**]
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

     Glendy Ana Reyez-Cabrera, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' dismissal of her appeal from an

immigration judge's denial of her applications for asylum, withholding of removal,

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review factual findings for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under that standard, we must uphold the agency's findings unless the record compels a contrary conclusion. *See id.*; 8 U.S.C. § 1252(b)(4)(B).

1. To establish eligibility for asylum, a petitioner must show a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To be eligible for withholding of removal, a petitioner must make the same showing by a "clear probability." *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003). One way to establish a likelihood of persecution is by demonstrating past persecution, which gives rise to a rebuttable presumption of future persecution. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). But no matter how severe it may be, mistreatment does not constitute persecution unless it is "committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).

Reyez-Cabrera alleged that she was subject to past persecution in the form of abuse by her former partner, but the Board determined that the Guatemalan

government was not "unable or unwilling to control" him. The Guatemalan government demonstrated its ability and willingness to assist Reyez-Cabrera when it acted on the complaint she filed against her former partner. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) ("[W]hen an applicant attempts to report persecution to the police or request protection from them, the authorities' response (or lack thereof) to such requests may provide powerful evidence with respect to the government's willingness or ability to protect the requestor."), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc). Although proceedings against Reyez-Cabrera's former partner ultimately stalled, the Board reasonably concluded that the lack of resolution resulted not from the government's unwillingness or inability to act but instead from Reyez-Cabrera's failure to appear in court when summoned or to otherwise follow up on the complaint. Accordingly, substantial evidence supports the BIA's denial of Reyez-Cabrera's claims for asylum and withholding of removal. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

2. Reyez-Cabrera also argues that she qualifies for CAT relief. Although Reyez-Cabrera presented a CAT claim to the immigration judge, she did not address the claim in her brief before the Board, and the Board deemed it waived. We therefore may not consider it. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies); *see also Santos-Zacaria v. Garland*, 598 U.S. 411,

417–19 (2023) (holding that section 1252(d)(1) sets out a non-jurisdictional claim-processing rule).

The temporary stay of removal will remain in place until issuance of the mandate, and the motion to stay removal (Dkt. No. 2) is otherwise denied.

**PETITION DENIED.**